UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY C. HAYES,

Plaintiff,

-against-

JOHN DOE/LANDLORD,

Defendant.

23-CV-9713 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Henry C. Hayes, who is appearing *pro se*, brings this action under the Court's federal question and diversity jurisdiction. By order dated November 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A. Prior action

Plaintiff previously filed a complaint arising from the same events underlying this matter. In the original complaint filed in *Hayes v. John Doe*, ECF 1:23-CV-3705, 1 ("*Hayes I*"), Plaintiff alleged that, from June 18, 2018, through June 18, 2021, he lived in substandard housing conditions while residing at 50 South 2nd Street in Mount Vernon, New York. Id., ECF 1. Invoking the Court's federal question jurisdiction, Plaintiff alleged, among other things, that he was injured when the apartment ceiling "collapsed" on him; that the appliances did not work; and that he was "hit in the head multiple times" by people who unlawfully entered the building or his apartment. *Id.* Plaintiff initially named as the Defendant 48-52 South 2nd Avenue LLC, for which he provided a street address in Mount Vernon, New York, and a post office box in Lakewood, New Jersey. *Id.*

By order dated July 5, 2023, the Court dismissed the complaint, with leave to replead, for lack of subject matter jurisdiction. In that order the Court explained that: (1) the facts alleged did not suggest that Plaintiff could state a claim under 42 U.S.C. § 1983 because the Defendant was not a state actor; and (2) to the extent Plaintiff was raising state law claims, he did not allege facts suggesting that diversity of citizenship jurisdiction existed. ECF 1:23-CV-3705, 4. Specifically, the Court noted that Plaintiff had failed to show that the parties were diverse, because the defendant was a limited liability company ("LLC") and Plaintiff

> did not specify the citizenships of all of the defendant's members, only providing two mailing addresses for the defendant: one located in Mount Vernon, New York, and another that is a post office box located in Lakewood, New Jersey.

ECF 4 at 2.

Plaintiff filed an amended complaint, again invoking the Court's federal question jurisdiction, but this time naming as Defendant an individual John Doe "Landlord" and providing only the Lakewood, New Jersey post office box address. ECF 5. By order dated October 10, 2023, the Court: (1) dismissed the amended complaint for failure to state a Section 1983 claim; (2) declined to exercise supplemental jurisdiction of any state law claims. That order contained the following footnote:

> To the extent that Plaintiff is attempting to assert, in response to the Court's July 5, 2023 order, claims under state law under the Court's diversity jurisdiction, the Court must also dismiss those claims. Plaintiff, in his amended complaint, while not specific, seems to allege that he is a citizen of the State of New York. (ECF 5, at 3.) He does not, as directed by the Court in its July 5, 2023 order, however, allege facts showing the state citizenship of the defendant, his unidentified landlord, "John Doe." (*See* ECF 4, at 5.) Rather, he merely provides, as the landlord's mailing address, a post office box address that is located in Lakewood, New Jersey. (ECF 5, at 4.) Accordingly, because Plaintiff does not allege facts showing that he and the defendant are citizens of different States, to the extent that he asserts claims under state law under the Court's diversity jurisdiction, the Court alternatively dismisses those claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1); Fed. R. Civ. P. 12(h)(3).

ECF 9 at 5 n.2.

**B. This action**

In this complaint, Plaintiff invokes both federal question and diversity of citizenship jurisdiction, and names as Defendant "John Doe/Landlord." (ECF 1.) Although Plaintiff provides the same Mount Vernon street address for Defendant that appeared in his pleadings in *Hayes I*, he alleges that Defendant is a citizen of New Jersey. (ECF 1:23-CV-9713, 1 ¶ B.1, D.) Plaintiff reasserts his claims about living in substandard conditions from 2018 through 2021, and claims that he was subjected to "cruel and unusual punishment," in violation of the Fourteenth Amendment, for which he seeks $163,000 in damages. (*Id.* ¶ III, IV.)

Attached to the complaint is a copy of Plaintiff's lease. Listed as the "Owner/Agent" of the apartment is 48-52 South 2nd Avenue LLC, with the Mount Vernon Street address printed underneath; handwritten next to that apartment, apparently by Plaintiff, is the New Jersey post office box. (*Id.* at 1-1 at 2.)

**DISCUSSION**

This complaint is dismissed for the same reasons that the Court dismissed the amended complaint in *Hayes I.* Any federal claims Plaintiff seeks to assert under 42 U.S.C. § 1983 must be dismissed because Defendant is a private actor, and there are no allegations that Defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988)("The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.")

To the extent Plaintiff seeks to assert state law claims under the Court's diversity of citizenship jurisdiction, this new complaint does not remedy the deficiencies that the Court identified in the pleadings in *Hayes I.* To establish jurisdiction under 28 U.S.C. § 1332, a

plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home ... and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). "[A] limited liability company ... [,] [however,] takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). A plaintiff must allege facts "demonstrating that complete diversity of citizenship exists between all parties to the action," so the Court cannot determine the existence of diversity jurisdiction. *See Obstfeld v. Schwartz*, 621 F. Supp. 2d 87, 93 (S.D.N.Y. 2008) (citing *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157 (2d Cir. 1998)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (citation omitted). A plaintiff invoking diversity jurisdiction must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff fails to allege facts showing that the Court has diversity of citizenship jurisdiction of this matter. Plaintiff alleges that Defendant, a John Doe, is a citizen of New Jersey, but he lists an address for Defendant in Mount Vernon, New York. (ECF 1 ¶¶ IB, 2B.) The lease that Plaintiff attaches to the complaint shows a Mount Vernon address for the LLC, with a New Jersey post office box handwritten in next to the New York address. Plaintiff does not name the LLC as a Defendant or mention the members of the LLC in his complaint. In short,

although the complaint indicates that Plaintiff is domiciled in New York, he does not allege any facts about the citizenship of the John Doe Defendant.

Accordingly, because Plaintiff does not allege facts showing that he and the defendant are citizens of different States, to the extent that he asserts claims under state law under the Court's diversity jurisdiction, the Court dismisses those claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1); Fed. R. Civ. P. 12(h)(3).

**C. Leave to amend denied and warning**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

In light of the dismissal order in *Hayes I*, this Court finds that Plaintiff was or should have been aware of the scope of the federal courts' subject matter jurisdiction when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further duplicative litigation in this Court may result in an order directing him to show cause why he should not be barred from filing new actions IFP regarding these events without prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Plaintiff is warned that further duplicative litigation in this Court may result in an order directing him to show cause why he should not be barred from filing new actions IFP regarding these events without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: April 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge